1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(State Bar No. 90533)
wlitvak@drllaw.com
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Telephone: 310.477.5575

**IJH LAW**
Ignacio J. Hiraldo, Esq. (*pro hac vice*)
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469
(additional counsel listed below)

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL JOHNSON, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>MOSS BROS. AUTO GROUP, INC. a California Corporation<br><br>           Defendant. | CASE NO.: 5:19-cv-02456-FMO-SP<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**Hearing:**<br>**Date**: August 27, 2020<br>**Time**: 10:00 a.m.<br>**Ctrm**: 6D<br>**Judge**: Hon. Fernando M. Olguin |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE FERNANDO M. OLGUIN, AND ALL INTERESTED PARTIES**:

    **PLEASE TAKE NOTICE** that on August 27, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-captioned Court, located at 350 West First Street, Courtroom 6D, Los Angeles, California 90012, the Honorable Fernando M. Olguin presiding, Plaintiff Jamal Johnson, will, and hereby does, bring this renewed motion (the "Motion") pursuant to Fed. R. Civ. P 15(a)(2) requesting leave to file a Second Amended Complaint (the "SAC") naming Defendant Moss Bros. Auto Group Inc.'s Marketing Director, Susan Anderson, as a party to this lawsuit as a result of her direct participation in the violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA") that form the basis of this action.

    This Court struck Plaintiff's first motion for leave for failure to comply with Local Rule 7-3. Plaintiff has complied with all obligations under Local Rule 7-3 including holding a second conference with counsel for Defendant to address Defendant's contention that Plaintiff's counsel's declaration filed in support of the first motion for leave consisted of inadmissible hearsay. Plaintiff's counsel did not attach some of the documents referenced in his prior declaration because they had been labeled confidential by Defendant. However, Defendant has since abandoned that designation by filing the purportedly confidential document with this Court. Attached to the accompanying Declaration of Manuel S. Hiraldo (the "Hiraldo Decl.") as **Exhibits 5 and 6,** respectively, are the form of the Plaintiff's contemplated SAC, and a redline showing all revisions made in the SAC relative to the operative First Amended Class Action Complaint.

    **PLEASE TAKE FURTHER NOTICE** that the SAC does not contain any new causes of action, rather, in substance, the SAC simply (1) names Defendant Moss Bros. Auto Group Inc.'s Marketing Director, Susan Anderson, as a party to this lawsuit as a result of her direct participation in authorizing and transmitting the

subject prerecorded messages to Plaintiff and the putative class members; (2) provides additional factual allegations based on information recently obtained by Plaintiff during the course of discovery; (3) refines the class definition consistent with the new factual allegations; and (4) removes certain background allegations regarding the type of technology utilized ("ringless" voicemails) in order to streamline the pleading.

This is Plaintiff's first request to amend the operative First Amended Complaint, which was filed as a matter of right and only to remove references to the use of an automatic telephone dialing system as Plaintiff is only alleging the use of prerecorded messages. The proposed amendment will not prejudice Defendant Moss Bros. because there are no new causes of action and because there has been no delay in seeking this amendment. Further, there is no bad faith and the amendment is not futile. Plaintiff's instant Motion thus satisfies the factors to be considered under applicable Ninth Circuit authority in assessing a motion to amend a pleading.

This Motion is made following the Local Rule 7-3 conference of counsel which took place on June 25, 2020. A second Local Rule 7-3 conference of counsel took place on July 20, 2020. Defendant Moss Bros. opposes the Motion and leave sought. The Motion is made upon this Notice, the accompanying memorandum of law, the supporting Hiraldo Decl., and the exhibits attached thereto, all papers and pleadings on file in this adversary proceeding, all matters of which judicial notice may be taken, and on such other and further argument and evidence as may be presented at or before the hearing on this matter.

DATED: July 27, 2020

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
(*pro hac vice*)
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

*Counsel for Plaintiff and the Class*

### PLAINTIFF'S RENEWED MOTION
### FOR LEAVE TO AMEND COMPLAINT

Plaintiff Jamal Johnson, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, moves for leave to amend his Complaint, and states:

## I.     BACKGROUND

On December 20, 2019, Plaintiff commenced the instant action against Defendant Moss Bros. Auto Group, Inc. ("Moss Bros.") by filing his operative Class Action Complaint, [ECF No. 1]. Plaintiff alleged that Defendant Moss Bros. violated the TCPA by transmitting prerecorded marketing messages to Plaintiff and the putative class members, without their express written consent. On March 2, 2020, Plaintiff filed his First Amended Class Action Complaint, [ECF No. 17] (the "FAC"), as a matter of right and before Defendant Moss Bros. filed its Answer, in order to correct errors in the original pleading that made reference to the use of an automatic telephone dialing system ("ATDS"). Since Plaintiff alleges only the use of prerecorded messages in Defendant's violation of the TCPA, the references to the use of an ATDS in the original pleading were superfluous and were corrected in the FAC.

On March 18, 2020, Defendant Moss Bros. filed its Answer to Plaintiff's First Amended Class Action Complaint, [ECF No. 26]. On April 2, 2020, Defendant Moss Bros. served its Initial Disclosures and identified its Director of Marketing, Susan Anderson, as an individual with discoverable information. Hiraldo Decl. at ¶3. On April 23, 2020, Defendant Moss Bros. served its Responses to Plaintiff's Interrogatories, Set One. Hiraldo Decl. at ¶4. In its responses, Defendant Moss Bros. stated that the subject prerecorded messages were sent by two non-parties: (1) Ideal Direct Ad Group, Inc.; and (2) Reliable Response. Hiraldo Decl. at ¶5. Defendant Moss Bros.'s Responses to Interrogatories also state that "Susan Anderson prepared and approved the content of the Subject Prerecorded Message." Hiraldo Decl. at ¶6. Notably, Defendant Moss Bros. had previously produced an agreement with Ideal Direct Ad Group, Inc. regarding the transmission of prerecorded messages, which

was signed by Anderson.  Hiraldo Decl. at ¶7.  Subsequently, on or about June 23, 2020, Defendant Moss Bros. produced its agreement with Reliable Response related to the transmission of prerecorded messages. Hiraldo Decl. at 8.  That agreement was also executed by Anderson as the "Marketing Director."  Hiraldo Decl. at ¶9.

Plaintiff seeks to file the SAC in order to name Anderson as a party to the lawsuit in her individual capacity pursuant to the participation doctrine.  As discussed in more detail below, the law permits naming individuals in TCPA lawsuits where they have personally been involved and authorized the TCPA violations at issue.  Pursuant to this Court Scheduling and Case Management Order, [ECF No. 47], the deadline for the filing of any motion to amend the claims, defenses, and/or parties was July 6, 2020 and, therefore, this Motion is timely by virtue of the filing of the prior motion for leave before the deadline.  For the foregoing reasons, Plaintiff respectfully requests leave to amend the operative FAC and file the SAC.

## II.   <u>LEGAL STANDARD</u>

The jurisprudence relating to amending complaints is well established in this Circuit, as follows: "[L]eave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P 15(a), and this policy is to be applied with *extreme liberality*." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990) (emphasis supplied); *see also Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir.1987) (describing a "strong policy permitting amendment"); *Phoenix Solutions, Inc. v. Sony Electronics, Inc.* 637 F.Supp.2d 683, 689 (N.D. Cal. 2009); *Mortkowitz v. Texaco Inc.*, 842 F. Supp. 1232, 1237 (N.D.Cal.1994).

The Ninth Circuit has articulated five "*Foman* factors" that may lead to denial of a request to amend a pleading – none of which is present here – namely, "[1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178,

182 (1962).  To the extent any of the factors is arguably present, the objector to the amendment is required to present "strong evidence." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

The most important of these disqualifying factors is the third, undue prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). Such prejudice, however, must be substantial. *See Morongo*, 893 F.2d at 1079. Moreover, such prejudice must be weighed against prejudice to the moving party of not allowing the amendment. *Bell v. Allstate Life Ins. Co*., 160 F.3d 452, 454 (8th Cir. 1998). Thus, Ninth Circuit's policy is to implement free allowance of amendments subject to a strong showing of prejudice or any of the other *Foman* factors.  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.   ARGUMENT

First, there is no bad faith or any indication thereof.  Plaintiff brings the instant Motion in good faith to add Anderson as a party to the lawsuit.  Plaintiff has a good faith basis to name Anderson as she approved the subject marketing campaigns, contracted with the outside vendors that executed the marketing, and even approved the content of the violative prerecorded messages.

Second, there is no undue delay present with Plaintiff having brought the Motion promptly after receipt – on June 23, 2020 – of the second agreement necessary to show Anderson's direct involvement in and authorization of the subject violative prerecorded message campaigns. Thus, Plaintiff did not allow the passage of an unreasonable amount of time or do, or fail to do, anything that is inconsistent with good faith in bringing this Motion.  Moreover, the first motion for leave was filed prior to the Court's July 6, 2020 deadline for the amendment of pleadings.  The instant renewed Motion was filed to correct the failure to identify the conferral date under Local Rule 7-3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    <u>Third</u>, there is no undue prejudice to Defendant Moss Bros. for several reasons. Most importantly, the SAC does not add any new causes of action. Moreover, Defendant Moss Bros. has at all times been aware of Anderson's involvement and potential liability for the TCPA violations at issue in this case. Thus, having been aware of Anderson's involvement and the factual allegations contained in the SAC, Defendant Moss Bros. cannot complain of undue prejudice. Indeed, there is no prejudice and Defendant Moss Bros.'s ability to defend this lawsuit will not be impacted in any way.

    <u>Fourth</u>, the amendment sought would not be futile because the SAC sufficiently alleges Anderson's personal and direct participation in the TCPA violations at issue in this case, rendering Anderson personally liable under the TCPA. Indeed, "[b]ecause the [TCPA's] statutory prohibition applies to 'any person' individuals can be held liable under the TCPA for sending unsolicited [text messages]." *Physicians Health Source, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 U.S. Dist. LEXIS 33510, at *3-4 (S.D. Fla. Mar. 18, 2015). An individual "may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Id.*; *see also Neurocare Inst. of Cent. Fla., P.A. v. US Capital Access, Inc.*, No. 6:13-cv-1233-Orl-31DAB, 2014 U.S. Dist. LEXIS 73909, at *12-13 (M.D. Fla. May 13, 2014); *J2 Glob. Communs., Inc. v. Blue Jay, Inc.*, No. C-08-4254 PJH (EMC), 2009 U.S. Dist. LEXIS 111609 (N.D. Cal. Aug. 4, 2009) ("At least one court has expressly held that an individual corporate officer, if acting on behalf of the corporation, may be held personally liable for purposes of the TCPA if he or she had 'direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved.'") (quoting *Texas v. Am. BlastFax, Inc.*, 164 F. Supp. 2d 892, 896-99 (W.D. Tex. 2000)).

<u>Fifth</u>, Plaintiff previously amended his original Complaint as a matter of right, but that amendment was merely to correct inaccuracies in the pleading.  This is the first time Plaintiff seeks leave to amend and make substantive changes to his operative First Amended Complaint.

## IV.   <u>CONCLUSION</u>

For to foregoing reasons, Plaintiff respectfully requests leave to file the SAC. Denying the Motion would cause prejudice to Plaintiff and the putative class members.  Conversely, Defendant Moss Bros. would suffer no prejudice.

**WHEREFORE**, Plaintiff respectfully requests an order granting the instant Motion, and for such other relief deemed appropriate by this Court.

Respectfully submitted,

Dated:  July 27, 2020

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
(*pro hac vice*)
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

**IJH LAW**
Ignacio J. Hiraldo, Esq. (*pro hac vice*)
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(Cal. Bar No. 90533)
wlitvak@drllaw.com

RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT

5

11500 W. Olympic Blvd., Suite 550
Los Angeles, California 90064
(t) (310) 477-5575
(f) (310) 477-7090

*Attorneys for Plaintiff*