**GREENBERG TRAURIG, LLP**
Gregory A. Nylen (SBN 151129)
nyleng@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA 92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

**GREENBERG TRAURIG, LLP**
Adil M. Khan (SBN 254039)
khanad@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants, Moss Bros. Auto Group, Inc. and Susan Anderson

[Additional counsel listed on the following page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMAL JOHNSON, individually and on behalf of others similarly situated,

Plaintiff,

v.

MOSS BROS. AUTO GROUP, INC., California Corporation; and SUSAN ANDERSON, an individual

Defendants.

Case No.: 5:19-cv-02456-FMO-SP

[Assigned to Hon. Fernando M. Olguin]

**JOINT STIPULATION TO MODIFY SCHEDULING ORDER BY EXTENDING DEADLINES BY 90 DAYS TO FACILITATE SETTLEMENT**

Discovery Cutoff: January 21, 2021
Pretrial Conference Date: Not yet set
Complaint Filed: December 20, 2019

**EDELSBERG LAW, PA**
Scott Edelsberg
California Bar: 330990
scott@edelsberglaw.com
20900 NE 30th Ave
Aventura, FL 33180
Telephone: 305-975-3320

**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(State Bar No. 90533)
wlitvak@drllaw.com
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Telephone: 310.477.5575

**IJH LAW**
Ignacio J. Hiraldo, Esq. (*pro hac vice*)
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

**HIRALDO P.A.**
Manuel S. Hiraldo
(*pro hac vice*)
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

Attorneys for Plaintiff
Jamal Johnson

Pursuant to Federal Rule of Civil Procedure 16 and the Court's inherent powers, Plaintiff Jamal Johnson and Defendants Moss Bros. Auto Group, Inc. and Susan Anderson, hereby stipulate and jointly request to modify the Court's May 7, 2020 Scheduling Order (Dkt. 47, as modified in Dkt. 88) by extending all deadlines by 90 days so they can focus their efforts in the next few months on exploring settlement through private mediation, as encouraged by the Court.

**STIPULATION**

WHEREAS, the Court's May 7, 2020 Scheduling Order required the Parties to complete case-specific fact discovery by November 6, 2020, and case-specific expert discovery by January 21, 2021 (Dkt. 47);

WHEREAS, on August 25, 2020, the Court modified the Scheduling Order by granting the parties' joint request to postpone the fact discovery cut-off to January 21, 2021 (Dkt. 88);

WHEREAS, the parties timely exchanged Rule 26(a) disclosures and have scheduled several depositions of Defendant's witnesses and third parties to take place in October and November 2020;

WHEREAS, the parties are cooperating with respect to Moss Bros.' responses to Plaintiff's discovery requests;

WHEREAS, the parties are mindful of the Court's instruction in its Scheduling Order that discovery should proceed while motions are pending, but Defendants contend they cannot engage in discovery without potentially waiving the right to have Plaintiff's claims decided through arbitration;[1]

[1] *See, e.g.*, *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008) (in assessing whether a party has waived its right to arbitration, the court must look to whether a party has taken "advantage of judicial discovery procedures not available in arbitration"); *Goodrich & Pennington Mortg. Fund, Inc. v. Chase Home Fin., LLC*, No. 05-CV-636-JLS, 2008 U.S. Dist. LEXIS 129877, at *19 (S.D. Cal. Nov. 24, 2008) (holding that "taking advantage of judicial discovery procedures" constitutes an arbitration waiver).

WHEREAS, Defendants have not propounded any discovery requests or sought to take any depositions because they seek to preserve its claimed arbitration rights;

WHEREAS, on July 2, 2020, Intervening Party Moss Bros. CJD, Inc. ("CJD Moreno Valley") filed a Motion to Intervene (Dkt. 56) and Motion to Compel Arbitration and Stay Proceedings (Dkt. 57), and those matters were fully briefed and taken under submission by the Court on July 27, 2020 (Dkt. 68);

WHEREAS, on July 2, 2020, Moss Bros. filed a motion to join CJD Moreno Valley as a party to this case (Dkt. 58), and that motion was fully briefed and taken under submission by the Court on July 27, 2020 (Dkt. 68);

WHEREAS, on August 24, 2020, the Court struck CJD Moreno Valley's Motion to Compel Arbitration as premature (Dkt. 83), and CJD Moreno Valley anticipates re-filing a motion to compel arbitration if the pending Motion to Intervene is granted;

WHEREAS, on September 10, 2020, Defendants filed their own motions to compel arbitration (Dkt. 97, Dkt. 98) and a joint motion for interim stay of proceedings until the issue of arbitration is resolved (Dkt. 99, the "Interim Stay Motion"), and those three motions have been fully briefed by the parties;

WHEREAS, Defendants also filed an *ex parte* application to expedite ruling on the Interim Stay Motion, and the Court denied that application but "encourage[d] the parties to explore settlement options" (Dkt. 105);

WHEREAS, the parties attended private mediation in April 2020, agree that revisiting settlement efforts would be productive, and have agreed to attend a second mediation session that they anticipate taking place in October or November of 2020;

WHEREAS, the parties agree that postponing all existing deadlines by 90 days would greatly facilitate settlement efforts, particularly because several discovery deadlines, party depositions, and third-party depositions are scheduled throughout October and November 2020 and because Defendants contend they are being prejudiced because such discovery is precluded by Plaintiff's arbitration agreement;

WHEREAS, postponing the existing deadlines will simultaneously facilitate settlement efforts, while providing additional time for the Court to rule on CJD Moreno Valley's motion to intervene, Moss Bros.' motion to join CJD Moreno Valley as a party; Defendants' arbitration motions, and Defendants' motion for an interim stay;

WHEREAS, the parties have met and conferred, and agree that good cause exists to extend all deadlines in the Court's Scheduling Order by 90 days;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, and subject to the Court's approval, that the Court enter the proposed Order granting the parties' joint stipulation to modify the Scheduling Order (as modified in Dkt. 88) by extending all existing deadlines by 90 days.

**IT IS SO STIPULATED.**

Date: September 30, 2020

GREENBERG TRAURIG, LLP

By: /s/ Adil M. Khan
Gregory A. Nylen
Adil M. Khan
Attorneys for Defendants, Moss Bros.
Auto Group, Inc. and Susan Anderson

Date: September 30, 2020

EDELSBERG LAW, PA

By: /s/ Scott Edelsberg
Scott Edelsberg
Attorneys for Plaintiff,
Jamal Johnson

**ATTESTATION REGARDING SIGNATURES**

I, Adil M. Khan, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date: September 30, 2020

/s/ Adil M. Khan

4

JOINT STIPULATION TO MODIFY SCHEDULING ORDER

ACTIVE 52113537