## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### Case Number 5:19-CV-02456

JAMAL JOHNSON, individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

MOSS BROS. AUTO GROUP, INC., and
SUSAN ANDERSON

      Defendant.

_____/

### CLASS-WIDE SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among the following parties, by and through their respective counsel: Plaintiff Jamal Johnson, on behalf of himself and the Settlement Class, Defendant, Moss Bros. Auto Group, Inc. ("MBAG"), and Defendant, Susan Anderson.

WHEREAS, on December 20, 2019, Plaintiff filed a Class Action Complaint on behalf of himself and a putative class in the lawsuit styled *Jamal Johnson v. Moss Bros. Auto Group*, *Inc.,* Case No. 5:19-cv-02456-FMO-SP (C.D. California) and on August 24, 2020, Plaintiff filed a Second Amended Class Action Complaint naming Susan Anderson in her individual capacity.

WHEREAS, Plaintiff alleges that he and members of the putative class received unsolicited prerecorded marketing messages from Defendants without prior express consent or express written consent, which allegedly harmed him and the putative class (the "Allegations");

WHEREAS, Plaintiff alleges that he and members of the putative class are entitled to declaratory and injunctive relief, statutory damages, attorneys' fees and costs as a result;

WHEREAS, on April 30, 2020, the Parties attempted to settle the Litigation (as defined below) through private mediation with the assistance of mediator Ted Bandstra, during which the parties engaged in intensive negotiations to resolve the Litigation but were ultimately unsuccessful;

WHEREAS, on October 29, 2020, the Parties again attempted to settle the Litigation through private mediation with the assistance of mediator Jill Sperber, during which the parties engaged in intensive negotiations to resolve the Litigation;

WHEREAS, the extensive arm's-length negotiations at the October 29, 2020 mediation resulted in an agreement in principle resolving all claims in the Litigation on a class-wide basis

and that was memorialized in a Confidential Settlement Term Sheet and executed on that same date;

WHEREAS, pursuant to the parties' agreement, Plaintiff will ask the Court to conditionally certify the Settlement Class (for settlement purposes only), appoint him as Settlement Class Representative, and appoint his attorneys Edelsberg Law, PA, Shamis & Gentile, P.A., Hiraldo, P.A., Eisenband Law, PA, and IJH Law as Settlement Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Litigation and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, Plaintiff, on behalf of himself and as the putative representative of the Settlement Class, and Defendants desire to resolve the dispute between them while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, Plaintiff, on behalf of himself and as the putative representative of the Settlement Class, and Defendants will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendants deny any and all liability or wrongdoing to the Settlement Class Representative, to the Settlement Class, and any other individuals or putative class members described in Plaintiff's pleadings in the Action.  Nonetheless, Defendants have concluded that further litigation would be protracted and expensive, have taken into account the uncertainty and risks inherent in this Litigation, and have determined that it is desirable that the Litigation and the Allegations be fully, completely, and finally settled in the manner and upon the terms set forth herein.

**NOW, THEREFORE,** in exchange for mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties and their counsel agree that the Litigation shall be settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions in this Agreement (including but not limited to a full, fair and complete release of all the Released Parties from the Released Claims), and without costs (except as provided herein) subject to approval by the Court of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement, as follows.

## I.   <u>Definitions</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1.   "Action" or "Litigation" mean the lawsuit *Jamal Johnson v. Moss Bros. Auto Group*, *Inc. and Susan Anderson,* Central District of California Case No. 5:19-cv-02456-FMO-SP.

2.   "Administrator" means Epiq Class Action & Claims Solutions, Inc. ("Epiq"), which, subject to Court approval, shall be responsible for administrative tasks, which may include without limitation: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website, (e) distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administering this Agreement, subject in all cases to approval by Class Counsel and Counsel for the Defendants. Class Counsel and Defendants may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if

the Court has previously approved the Settlement preliminarily or finally.  In the absence

of agreement, either Class Counsel or Defendants may move the Court to substitute a

different organization as the Administrator upon a showing that the responsibilities of the

Administrator have not been adequately executed by the incumbent.

3.    "Defendants" means Moss Bros. Auto Group, Inc. and Susan Anderson, collectively or

individually.

4.    "Messages" refers to the prerecorded marketing messages that Plaintiff alleges in the

Action were sent to Plaintiff and putative class members by or on behalf of Moss Bros.

Auto Group, Inc., Susan Anderson, and/or any of the Dealerships.

5.    "Class Counsel" means:

Scott Edelsberg, Esq.
Edelsberg Law, P.A.
1925 Century Park E #1700
Los Angeles, CA 90067

Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

Michael L. Eisenband
Eisenband Law PA
515 East Las Olas Boulevard Suite 120
Fort Lauderdale, FL 33012

Ignacio J. Hiraldo
IJH Law
1200 Brickell Avenue Suite 1950
Miami, FL 33130

6.      "Settlement Class Period" means the period from December 20, 2015 (four years prior to the filing of the original Complaint in the Action) through the date of Preliminary Approval.

7.      "Settlement Class Representative" means Jamal Johnson.

8.      "Court" means the United States District Court for the Central District of California.

9.      "Dealerships" means the Moss Bros. automobile dealerships managed by Moss Bros. Auto Group, Inc. (*i.e.*, Moss Bros. Chrysler Jeep Dodge RAM Riverside, Moss Bros. Chrysler Jeep Dodge RAM San Bernardino, Moss Bros. Chevrolet, Moss Bros. Buick GMC, Moss Bros. Chrysler Jeep Dodge Moreno Valley, Moss Bros. Honda, Moss Bros. Toyota, and Moss Bros. VW) and that transacted with Settlement Class Members in connection with the marketing, purchase, sale, or service of automobiles.

10.     "Effective Date" means the fifth business day after which all of the following events have occurred:

a.      The Court has entered the Final Approval Order; and

b.      The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available. If no member of the Settlement Class objects to the Settlement, and therefore nobody has standing to file an appeal, the Effective Date means the fifth business day after which the Court has entered the Final Approval Order.

11.    "Escrow Account" means the escrow account to be established by the Escrow Agent for
purposes consistent with the terms and conditions of this Agreement.

12.    "Escrow Agent" means Epiq Class Action & Claims Solutions, Inc. The Escrow Agent
shall administer the Escrow Account.

13.    "Final Approval" means the date that the Court enters an order and judgment granting final
approval of the Settlement and determines the amount of fees, costs, and expenses awarded
to Class Counsel and the amount of a Service Award to the Settlement Class
Representative.  The proposed Final Approval Order, defined below, shall be in a form
agreed upon by Class Counsel and Defendants.  In the event that the Court issues separate
orders addressing the foregoing matters, then Final Approval means the date of the last of
such orders.

14.    "Final Approval Order" means the order and final judgment that the Court enters upon
Final Approval.  In the event that the Court issues separate orders addressing the matters
constituting Final Approval, then Final Approval Order includes all such orders.

15.    "Net Settlement Fund" means the Settlement Fund minus Settlement Costs.

16.    "Notice" means the notices of proposed class action settlement that the Parties will ask the
Court to approve in connection with the motion for preliminary approval of the Settlement.

17.    "Notice Program" means the methods provided for in this Agreement for distributing the
Notice to the Settlement Class and consists of (a) Mailed Notice to the to the mailing
address of Settlement Class members as last known to Defendants and then verified and/or
updated by the Administrator; (b) Toll-free Telephone Number for answering questions;
and (c) Settlement Website, which will include making the Long-Form Notice available
for viewing and download.  Forms of the proposed Mailed Notice and Long-Form Notice

agreed upon by Class Counsel and Defendants, subject to Court approval and/or modification, are attached hereto as Exhibit 1 and Exhibit 2, respectively.

18.   "Class Notice Date" means the day on which the Mailed Notice is first mailed.

19.   "Opt-Out Period" means the period that begins on the Class Notice Date and that ends no later than 30 days prior to the Final Approval Hearing.  The deadline for the Opt-Out Period will be calculated as 60 days from mailing of the Notice, and the precise date shall be specified in the Notice.

20.   "Parties" means Plaintiff and Defendants.

21.   "Plaintiff" means Jamal Johnson.

22.   "Preliminary Approval" means the date on which the Court enters an order preliminarily approving the Settlement in the form jointly agreed upon by the Parties.

23.   "Released Claims" means all claims to be released as specified in Section XII of this Agreement.  The "Releases" mean all of the releases contained in this Agreement.

24.   "Released Parties" means Defendant Moss Bros. Auto Group, Inc., Defendant Susan Anderson, each Dealership (i.e., Moss Bros. Chrysler Jeep Dodge RAM Riverside, Moss Bros. Chrysler Jeep Dodge RAM San Bernardino, Moss Bros. Chevrolet, Moss Bros. Buick GMC, Moss Bros. Chrysler Jeep Dodge Moreno Valley, Moss Bros. Honda, Moss Bros. Toyota, and Moss Bros. VW), and all of their current and former employees, agents, vendors, contractors and subcontractors, consultants, third-party service providers (including but not limited to Ideal Direct Ad Group Inc., Reliable Response, Tuxedo Park, Del Mar Advertising, and all current and former employees, principals, and sub-contractors of these entities), telephone messaging service providers, indemnitees, parent companies, subsidiaries, affiliates, divisions, owners, managers, directors, officers, shareholders,

partners, insurers, predecessors, successors, assigns,  wholesalers, resellers, distributors,
retailers, and all persons or entities involved in the generation, preparation, or distribution
of the Messages, or on whose behalf they were sent. "Released Parties" also shall include
any other persons or entities, not identified above, who, by the express terms of this
Agreement, are intended to be released by the Releasing Parties.

25.   "Releasing Parties" means Plaintiff and all Settlement Class members who do not timely
and properly opt-out of the Settlement, and each of their respective executors,
representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees,
guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, and
all those who claim through them or on their behalf.

26.   "Settlement" means the settlement into which the Parties have entered to resolve the
Action.

27.   "Settlement Class Member" means any person included in the Settlement Class (as defined
herein) who does not timely and properly opt-out of the Settlement.

28.   "Settlement Class Data" means the relevant contact information relating to approximately
54,134 persons who, according to records compiled by Defendants may be Settlement
Class Members. The Settlement Class Data shall be treated as Confidential Information
shall only be used for purposes of administering this Settlement, and will remain
confidential and will not be disclosed to anyone, except as required to applicable taxing
authorities or as required to carry out the Administrator's duties pursuant to the Settlement,
Defendants' express written authorization, or by order of the Court.  In the event this
Agreement is rendered void for any reason, the Settlement Administrator, Plaintiff's

counsel, and Class Counsel shall not thereafter use this information for any purpose, and shall destroy any and all copies or versions of it (including any in electronic form).

29. "Settlement Costs" mean all court-approved costs incurred by Plaintiff, the Settlement Class, and Class Counsel in connection with the Action, as well as notice and settlement administration costs, including the costs associated with providing notice required by the Class Action Fairness Act codified at 28 U.S.C. Sec. 1332(d), expenses advanced by Class Counsel, attorneys' fees awarded to Class Counsel, and any Service Award payable to the Settlement Class Representative.

30. "Settlement Fund" means the $2,500,000.00 cash fund to be established pursuant to this Agreement.

31. "Settlement Fund Payment" means the cash dollar amount of the Settlement Fund that each Settlement Class Member will receive.

32. "Settlement Website" means the website that the Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for members of the Settlement Class to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the order preliminarily approving this Settlement, and such other documents as Class Counsel and Defendants agree to post or that the Court orders posted on the website.  These documents shall remain on the Settlement Website at least until Final Approval. The Settlement Website will not be used to file or receive opt-out requests.  The form of the website shall be subject to the approval of Class Counsel and counsel for Defendants.    The URL of the Settlement Website shall be

www.MOSSTCPAsettlement.com or such other URL as Class Counsel and Defendants agree upon in writing.

33.   "Confidential Information" means information, documents, or any other material that is: (a) designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered in the Action, or (b) identified as confidential in this Agreement, in which case it shall be subject to the same protections afforded in the Stipulated Protective Order even if not formally designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**II.   <u>Conditional Certification of the Settlement Class</u>**

34.   For settlement purposes only, Plaintiff and Defendants agree to ask the Court to conditionally certify the following "Settlement Class," which they believe consists of approximately 54,134 Settlement Class members, under Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure:

> All persons within the United States who, within the four years prior to the filing of this action (i.e., since December 20, 2015), were sent a prerecorded message from Defendants, auto dealerships managed by Defendants (the "Dealerships"), or anyone acting on behalf of any Defendant or Dealership (including employees, agents, third-party contractors, and sub-contractors), to said person's telephone number, for the purpose of advertising and/or promoting any dealership that is held, operated, owned, managed, serviced and/or controlled by, and/or is a subsidiary of, Defendant Moss Bros Auto Group, Inc.

35.   The following are excluded from the Settlement Class:  (a) any trial or magistrate judge presiding over the Action; (b) Defendants, as well as any parent, subsidiary, affiliate or control person of Defendants, and the officers, directors, agents, servants or employees of Defendants; (c) any of the Released Parties; (d) the immediate family of any such person(s); (e) any Settlement Class Member who has timely and properly opted out of this Settlement; and (f) Plaintiff's Counsel and their employees.  Defendants conditionally

agree and consent to certification of the Settlement Class for purposes of this Settlement only.

36.     Defendants' agreement to conditional class certification is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval Order becoming final.  If for any reason the settlement is not granted preliminary and final approval, Defendants' agreement to conditional certification of the Settlement Class is void *ab initio* and shall not be used for any purposes, including any request for class certification in the Litigation or any other proceeding.  The Parties further agree that conditional certification for purposes of the Settlement Agreement is not an admission that class action certification is proper under the standards applied to contested class certification motions and that this Agreement will not be admissible in this or any other proceeding as evidence that: (i) a class action can or should be certified in the Action; or (ii) Defendants are liable to Plaintiffs or any Settlement Class Member, other than according to the Settlement Agreement's terms.

## III.   **Settlement Consideration**

37.     <u>Monetary Consideration:</u> The maximum cash consideration to be provided pursuant to the Settlement shall be $2,500,000.00.  Payment of this monetary consideration shall be the sole responsibility of MBAG, and not Ms. Anderson.   Under no circumstances may Plaintiff, Class Counsel, any member of the Settlement Class, or the Settlement Administrator seek to enforce any monetary obligations created by this Agreement against Ms. Anderson.  All Settlement Costs shall be payable from the Settlement Fund. Class Counsel shall be responsible for supervising the Administrator and ensuring timely compliance with the Administrator's responsibilities and duties under this Settlement.

Payments to the Administrator for costs and services rendered shall be made pursuant to a separate agreement with the Administrator.

38. <u>Prospective Modifications to Marketing Practices</u>:   Defendants expressly deny any allegations that the Messages or any of their other marketing practices violate the TCPA or do not comply with Federal Communications Commission rulings and orders. Notwithstanding the foregoing, as part of this Settlement, and except to the extent inconsistent with applicable law, Defendants agree that they and the Dealerships will adopt policies and procedures regarding compliance with the TCPA and the National Do Not Call Registry.   Class Counsel and Class Representative, on behalf of themselves and the Settlement Class Members, confirm that these changes to marketing practices are a material term of this Settlement, are fundamental to the injunctive relief that Plaintiff sought in the Action, and are the modifications to marketing practices that Plaintiff contends in the Action are necessary to comply with the TCPA and the Federal Communications Commission's applicable rulings.

**IV.   Settlement Approval**

39. Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an Order granting Preliminary Approval of this Settlement ("Preliminary Approval Order").   The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Defendants.   The motion for Preliminary Approval shall request that the Court:  (1) approve the terms of the Settlement as fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the

Settlement; (4) approve the procedures for Settlement Class members to exclude themselves from the Settlement Class or to object to the Settlement; (5) stay the Action pending Final Approval of the Settlement; and (6) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Class Counsel and counsel for Defendants, at which the Court will conduct an inquiry into the fairness of the Settlement in accordance with Federal Rule of Civil Procedure 23(e), determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and a Service Award to the Settlement Class Representative ("Final Approval Hearing").  Class Counsel shall provide Defendants with a draft of the motion for Preliminary Approval at least 3 court days prior to filing so that Defendants may provide input.

**V.**   **NOTICE & SETTLEMENT ADMINISTRATION**

40.    The Parties have agreed to use Epiq as the Administrator, who shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of the Class Notice Program, receiving and maintaining any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Settlement Fund Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

41.    The Parties will coordinate with the Administrator to provide Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement

in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

42.     The costs and fees charged by the Administrator for administration of the settlement (the "Administrative Costs") are estimated at not more than $125,000 and, subject to the Court's orders and approval by counsel, shall be paid from the Settlement Fund with no additional sums due from Defendants. Defendants shall not be obligated to compute, estimate, or pay any taxes on behalf of Plaintiff, any Settlement Class Member, Class Counsel, or the Administrator. The Administrator will provide Defendants with a preliminary invoice for start-up and initial Class Notice costs not to exceed $35,000 within 5 business days after entry of the Preliminary Approval Order.  Thereafter, the Administrator shall provide Class Counsel and counsel for Defendants with monthly invoices for joint approval of payment from the Settlement Fund. The Administrator will complete and provide to Defendants any W9 forms necessary for Defendants to make required payments.

**VI.     <u>Notice to the Settlement Class</u>**

43.     The Parties shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.  Any Notices provided under or as part of the Notice Program shall not bear or include Defendants' logos or trademarks or the return address of Defendants, or otherwise be styled to appear to originate from Defendants.  Ownership of the Settlement Website URL shall be transferred to Defendants within 10 days of the date on which operation of the Settlement Website ceases, which shall be 6 months following

distribution of the Net Settlement Fund to Settlement Class Claimants, or such other date as Class Counsel and Defendants may agree upon in writing.

44. Within 10 days after entry of the Preliminary Approval Order, Defendants will provide the Settlement Class Data in electronic format to the Administrator if they have not already done so.

45. Mailed Notice: The Administrator shall review the Class Settlement Data, utilize methods commonly used in the class administration industry to verify and/or update mailing addresses (e.g., reverse telephone number look ups, verification through the National Change of Address Database or other reliable sources like LexisNexis and TransUnion), and shall, to the extent reasonably possible, mail the Mailed Notice to all Settlement Class Members. The Mailed Notice program shall be completed no later than 90 days before the Final Approval Hearing.  The Administrator shall provide Class Counsel and Defendants a sworn declaration that confirms that the Mailed Notice program was completed in a timely manner and in accordance with this Agreement and the Preliminary Approval Order.

46. Long-Form Notice:  The Mailed Notice will contain the URL address for the Settlement Website, www.MOSSTCPAsettlement.com.   The Long-Form Notice shall be made available on the Settlement Website.

47. Settlement Website: By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, which, among other things (i) provides contact information for Class Counsel, and (ii) provides access to relevant documents concerning the Action. Such documents shall include this Agreement, the Long-Form Notice, the Preliminary Approval Order, the Second Amended Complaint in the Action, and, when

filed, the Final Approval Order. The Administrator shall maintain the Settlement Website until at least 60 days following the deadline for submitting objections and opt-out requests.

48.  Toll-free Telephone Number:  By the Class Notice Date, the Administrator shall establish and maintain a toll-free number that maintains an Interactive Voice Response (or similar) system to answer questions about the Settlement. The Administrator shall maintain the IVR (or similar) system until at least 60 days following the deadline for submitting objections and opt-out requests.

49.  CAFA Notice: The Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). Defendants will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.  The Administrator also shall provide Defendants with a timeline for information needed to complete the CAFA notices.  The Claims Administrator shall file a declaration with the Court no later than 28 days before the Final Approval Hearing date, stating that the CAFA Notices have been served on the appropriate officials.  No Party shall request that an order granting final approval of the Settlement be issued prior to the expiration of the time set forth in 28 U.S.C. § 1715(d).

50.  Upon Preliminary Approval of the Settlement, at the direction of Class Counsel, the Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the URL

address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.

51. The Notice shall include a procedure for Settlement Class members to opt-out of the Settlement Class. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a written request to the Administrator. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement and shall automatically be mailed a Settlement Fund Payment. Opt-out requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the mobile telephone number on which the person seeking exclusion received the call or calls associated with the request for exclusion, and (iv) include a statement similar to the following: "I request to be excluded from the settlement in the Moss Bros. TCPA action, and to waive all rights to the benefits of the settlement." No opt-out request will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other Settlement Class Member from the Settlement Class. An Opt-Out Form, attached as Exhibit 3, shall be made available on the Settlement Website as a valid, but optional, method of submitting an opt-out request.

52. Should any Party and/or Settlement Class Member dispute the timeliness or validity of an opt-out request, the amount of settlement compensation and/or any other issue arising out of the administration of Settlement, counsel for Plaintiff and counsel for Defendants shall negotiate in good faith regarding a resolution. If the Parties do not agree upon a solution,

then it shall be submitted for resolution to the Court. Under no circumstances, however, shall Defendants be required to pay more than the Settlement Fund.

53. The Notice shall include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a Service Award to the Settlement Class Representative. Objections to the Settlement, to the application for fees, costs, expenses and/or for the Service Award must be in writing and filed with the Court,. For an objection to be valid, the objection must be filed with the Court no later than the last day of the Opt-Out Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope, mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, FedEx), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

54. For any objections to be valid and considered by the Court, it must include:

   a. the name of the Action;

   b. the objector's full name, address, current telephone number, and telephone number to which any Messages may have been sent;

   c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

   e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, and the

name, court, and case number of each case in which the objector has made such an
objection;

    f.   the identity of all counsel who represent the objector or may appear at the Final
Approval Hearing on the objector's behalf;

    g.   any and all agreements that relate to the objection or the process of objecting—
whether written or oral—between objector or objector's counsel and any other
person or entity;

    h.   a statement confirming whether the objector intends to personally appear and/or
testify at the Final Approval Hearing; and

    i.   the objector's signature (an attorney's signature is not sufficient).

55.    Any Settlement Class Member who fails to comply with the foregoing requirements for
submitting an objection shall waive and forfeit any and all rights to appear separately
and/or to object, and shall be bound by all the terms of this Settlement, and by all
proceedings, orders, and judgments in the Action.

56.    Within the parameters set forth in this Agreement, further specific details of the Notice
Program shall be subject to the agreement of Class Counsel and Defendants.

## VII.   **Final Approval Order and Judgment**

57.    The Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to
the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiff
shall file his Motion for Final Approval of the Settlement, and his application for attorneys'
fees, costs, and expenses and for a Service Award for the Settlement Class Representative,
no later than 45 days prior to the Final Approval Hearing. Class Counsel shall provide
Defendants with a draft of the motion for Final Approval at least 5 court days prior to filing

so that Defendants may provide input. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs, and expenses and for a Service Award for the Settlement Class Representative.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the fee, cost, expense or Service Award application, provided the objectors submitted timely written objections that meet all of the requirements listed in the preliminary approval order and notice.

58.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and entering final judgment thereon, and whether to approve Class Counsel's request for attorneys' fees, costs, expenses, and a Service Award.  The proposed Final Approval Order shall be in a form agreed upon by Class Counsel and Defendants.  Such proposed Final Approval Order shall, among other things:

a.      Determine that the Settlement is fair, adequate and reasonable;

b.      Finally certify the Settlement Class for settlement purposes only;

c.      Determine that the Notice provided satisfies Due Process requirements;

d.      Enter judgment dismissing the Action with prejudice and without costs, except as set forth in this Agreement and declaring that Plaintiff and all Settlement Class Members who have not opted out of the Settlement are bound by the release of claims described in the Class Notice;

e.      Bar and enjoin all Releasing Parties from asserting any of the Released Claims, including during any appeal from the Final Approval Order;

f.      Release Defendants and the Released Parties from the Released Claims; and

g.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## VIII.   Settlement Fund

59.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases and the dismissal of the Action with prejudice, MBAG shall deposit into the Escrow Account the total sum of $2,500,000. MBAG shall deposit money into the Escrow Account as follows: (a) within 7 business days of the Preliminary Approval Order, MBAG shall advance start-up and initial Class Notice costs not to exceed $35,000, which advances shall be credited against the Settlement Fund; and (b) MBAG shall pay the balance of the Settlement Fund into the Escrow Account within 7 business days following the Effective Date.  In no event shall Defendants be responsible for any claims, fees, or Settlement Costs exceeding $2,500,000.

60.    The Administrator shall establish the Escrow Account into which the Settlement Fund is deposited as a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code and regulations promulgated thereunder (e.g., United States Treasury Reg. § 1.468B-1) for the purpose of administering this Settlement and shall notify the Parties when the Settlement Account has been established.   All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendants or its counsel, or Plaintiff or Class Counsel, with

respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund.  Plaintiff and Class Counsel, and Defendants and their counsel, shall have no liability or responsibility for any of the Taxes.  The Settlement Fund shall indemnify and hold Plaintiff and Class Counsel, and Defendants and their counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

61.   The Settlement Fund shall be used for the following purposes:

    a.   Distribution of Settlement Fund Payments to Settlement Class Members;

    b.   Payment of (1) all cost associated with Class Notice and administration and (2) any and all Court-ordered award of Class Counsel's attorneys' fees, costs, and expenses;

    c.   Payment of any Court-ordered Service Award to the Settlement Class Representative;

    d.   Payment of all Taxes, including, without limitation, taxes owed as a result of accrued interest on the Escrow Account, subject to approval by Class Counsel and Defendants; and

## IX.   Calculation of Distributions from Settlement Fund

62.   Each Settlement Class member who does not opt out of the Settlement shall automatically be mailed a Settlement Fund Payment payable by check.  The amount of each Settlement Fund Payments shall be determined by the following formula: Net Settlement Fund divided by total number of unique telephone numbers that received a Message = Settlement Fund

Payment.  To prevent theft and fraud by third parties, the outside of the envelope or package

containing the Settlement Fund Payment checks shall not contain any language describing

its purpose, mentioning the class action settlement, or encouraging it to be opened.

**X.      Distribution of Settlement Fund**

63.     The Administrator shall distribute the funds in the Settlement Fund in the following order

and within the time period set forth with respect to each such payment:

a.   Any Service Award to the Settlement Class Representative;

b.   Class Counsel will receive payment for its attorney's fees and costs, within five days after

the date Final Approval is entered by the Court;

c.   The Administrator shall receive payment for notice and administration costs within five

days after the date Final Approval is entered by the Court;

d.   No later than 45 days following the Effective Date, the Settlement Class Members shall be

sent their Settlement Fund Payments.

**XI.     Automatic Entitlement to Settlement Fund Payments without Claims Process**

64.     Each member of the Settlement Class who does not timely opt-out from the Settlement

shall be a Settlement Class Member and shall automatically be mailed a Settlement Fund

Payment without any required claims process. Each Settlement Class Member shall receive

one Settlement Fund Payment for each unique cellular telephone number that received a

Message, regardless of the number of Messages the Settlement Class Member received.

65.     Settlement Fund Payments shall be sent to Settlement Class Claimants by the

Administrator via U.S. mail.  Any Settlement Fund Payments that (i) remain uncashed after

180 days from issuance, or (ii) are returned as undeliverable, shall be cancelled and

remitted to Defendants. Such funds shall be returned to and retained by Defendants, and

not otherwise distributed as part of the Settlement.

## XII.  **Releases**

66.  Upon the Effective Date of the Settlement, and with the exception of the contractual rights and obligations independently created by this Agreement, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties from the following (collectively, the "Released Claims"):  any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies of every nature and description, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that may exist as of the date of the Preliminary Approval Order and result from, arise out of, are based upon, or relate in any way to the factual allegations and/or legal assertions made in the operative Second Amended Complaint, individually or on a class-wide basis, during the Settlement Class Period, including all claims under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA") and all claims under any other statute, regulatory or administrative promulgation, common law, or case law that arise out of or relate to any marketing, advertising, promotional activities, text messages, phone calls, voicemails, communications from automatic telephone dialing systems, artificial or prerecorded voice messages, or Messages directed to Settlement Class Members by or on behalf of any Defendant, Dealership, or other Released Party.

67.  Without limiting the foregoing and without expanding their scope in any way, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective. The California Civil Code Section 1542 waiver herein are expressly

limited to claims that relate to the factual allegations and/or legal assertions made in the operative Second Amended Complaint. This constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RECOVERING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.**

68.    The provisions of the Releases shall apply according to their terms, regardless of the provisions of California Civil Code Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction.  In addition, the Parties acknowledge that the Settlement Class Members may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is the Parties' intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the Releases will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

69.    Each Releasing Party waives any and all defenses, rights and benefits that may be derived from the provision of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

70.    The Parties and each member of the proposed Settlement Class agree that amounts to be paid under this Agreement to each Settlement Class Member represent full satisfaction of that Settlement Class Member's Released Claims.  No portion of such settlement represents

the payment of punitive or exemplary damages.  Nonetheless, in consideration for the satisfaction of each Settlement Class Member's claim for compensatory damages, all potential claims for punitive or exemplary damages arising from the Released Claims shall be released.

**XIII.  Payment of Attorneys' Fees, Costs, and Service Awards**

71.  Class Counsel may request: (a) up to 25% of the Settlement Fund for attorneys' fees (i.e., not to exceed an aggregate of $625,700 for all firms), and (b) up to $75,000 for reimbursement of costs and expenses.  Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Fund.  Other than the foregoing, Plaintiff and Class Counsel waive any other right to seek attorneys' fees in connection with the Action, including any rights under the TCPA or any other applicable law, rule, or regulation  The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement from becoming effective, nor shall it be grounds for termination.

72.  Defendants shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed.

73.  Class Counsel may ask the Court to approve an Incentive Award/Service Award to Plaintiff of $5,000.  Defendants do not endorse any specific amount, but agree not to oppose the request for a service Award up to this amount.  The Service Award is to be paid from the Settlement Fund.  The Service Award shall be paid to the Settlement Class Representative in addition to the Class Representative's Settlement Fund Payment.

74.  The Parties negotiated and reached agreement regarding attorneys' fees and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

**XIV.   Termination of Settlement**

75.   This Settlement may be terminated by either Class Counsel or Defendants by serving on

counsel for the opposing Party and filing with the Court a written notice of termination

within 30 days (or such longer time as may be agreed in writing between Class Counsel

and Defendants) after any of the following occurrences:

    a.    the Court fails to preliminarily approve the Settlement within 180 days after filing

of the motion for preliminary approval, or fails to finally approve the Settlement

within 360 days of Preliminary Approval by the Court;

    b.    an appellate court vacates or reverses the Final Approval Order, and the Settlement

is not reinstated and finally approved without material change by the Court on

remand within 270 days of such reversal;

    c.    the Effective Date does not occur.

**XV.   Effect of a Termination**

76.   In the event of a termination, this Agreement shall be considered null and void; it shall be

of no force or effect whatsoever; it shall be deemed part of a negotiation for settlement

purposes only, and the negotiation, terms, and entry of the Agreement shall remain

inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408,

any agreement reached by the parties in connection with mediation efforts, and any

applicable state law or rule of procedure or evidence; all of Plaintiff's, Class Counsel's,

and Defendants' obligations under the Settlement shall cease to be of any force and effect;

the amounts in the Settlement Fund shall be returned to Defendants; and the Parties shall

return to the status *quo ante* in the Action as if the Parties had not entered into this

Agreement.  In addition, in the event of such a termination, all of the Parties' respective

pre-Settlement rights, claims and defenses will be retained and preserved.

77.    In the event of a termination, and after payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and already approved by Defendants, the Administrator and Escrow Agent shall return the balance of the Settlement Fund to Defendants within 5 business days of termination.

78.    The Settlement shall become effective on the Effective Date unless earlier terminated.

79.    In the event the Settlement is terminated, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

**XVI.    Release of Additional Claims And Rights by Plaintiff Jamal Johnson**

80.    Plaintiff Jamal Johnson agrees to the additional following release.  As of the Effective Date, in consideration for Defendants' promises and agreements as set forth herein (including the payment of any Incentive Award as approved by the Court), and with the exception of manufacturing defect claims concerning any vehicles Plaintiff has purchased, Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharge the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of any occurrence or failure to act prior to the Effective Date.  This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Settlement) relating to or in any way

connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein.

81.     Additionally, Plaintiff hereby waives all rights and benefits afforded by California Civil Code Section 1542, which provides:

**"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

## XVII.  <u>No Admission of Liability</u>

82.     Defendants deny all claims, liability, damages, losses, penalties, interest, fees, restitution and all other forms of relief that were or could have been sought in this Litigation, as well as all class allegations asserted in this Litigation.  Defendants have agreed to resolve this Litigation through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Defendants do not waive, but rather expressly reserve, all rights to challenge such claims and allegations in the Litigation on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether a class can be certified and to assert any and all defenses or privileges, as well as any and all rights to arbitration.  The Settlement Class Representative and Class Counsel agree that Defendants retain and reserve all of these rights and agree not to take a position to the contrary.

83.     Defendants continue to dispute their liability for the claims alleged in the Action, and maintain that they complied, at all times, with applicable laws and regulations.  Defendants do not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be

completely free of any further claims that were asserted or could have been asserted in the Action.

84.    Class Counsel believes that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims and conducted extensive discovery.

85.    Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

86.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

87.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

88.     In addition to any other defenses Defendants may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XVIII. <u>Miscellaneous Provisions</u>

89.     <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

90.     <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

91.     <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.  This obligation of the Parties to support and complete the Settlement shall remain in full force and effect regardless of events that may occur.

92.     <u>Obligation To Meet And Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.   If those meet-and-confer efforts are unsuccessful, the dispute shall be submitted to the mediator, Jill Sperber Esq., for resolution before addressing the matter to the Court.  The costs and fees of such mediation shall be divided 50/50 between Plaintiff and Defendants.

93.     <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the

entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

94. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

95. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

96. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

97. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program, the Administrator, and the Escrow Agent. As part of their respective agreements to render services in connection with this Settlement, the Administrator, and the Escrow Agent shall consent to the jurisdiction of the Court for this purpose.

98.   <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> Scott Edelsberg, Esq.
> Edelsberg Law, P.A.
> 1925 Century Park E #1700
> Los Angeles, CA 90067
> Email: <u>Scott@Edelsberglaw.com</u>

All notices to Defendants, provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

> Adil Khan
> Greenberg Traurig, LLP
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067
> Email: khanad@gtlaw.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any Party, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

99.   <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Defendants and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

100.   <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

101.   <u>Authority</u>.  The signatories to this Agreement represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and

Defendants to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

102.   <u>Agreement Mutually Prepared</u>.  Neither Defendants nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

103.   <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

104.   <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and

the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

105. <u>Return or Destruction of discovery materials</u>.  In addition to complying with their obligations under the Stipulated Protective Order in the Action, Class Counsel will return or destroy all copies of remaining discovery materials obtained in this litigation from Defendants or third parties within thirty (30) days after the Effective Date.

106. <u>No Prior Assignments</u>.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

107. <u>No Other Actions or Claims</u>.  Plaintiff represents and warrants that, other than the Action, he has not initiated any pending legal or administrative action or claim against either Defendant or any Released Party, nor have any such other actions or claims been filed at any time after the Action was filed.

108. <u>Future Changes in Laws or Regulations</u>.  To the extent Congress, the Federal Communications Commission, or any other governing regulatory or legal authority promulgates any new or different law, regulation, rule, requirement, declaration, and/or order that would govern Defendants' or the Dealerships' practices, including the changes to marketing practices described in Section XX of this Agreement, those laws, regulations, rules, requirements, declarations, and/or orders, rather than this Agreement, shall control thereafter.  Defendants and the Dealerships shall be permitted and expressly are permitted by this Agreement to further modify their practices in any respect in response to any such changes to or new or different governing laws, including but not limited to the TCPA,

regulations, rules, requirements, declarations, and/or orders, and such further modifications in that instance are not and shall not be deemed a breach of this Agreement.

(signatures on following page)

DocuSign Envelope ID: CA933B2D-D8F6-4D79-994D-F24232ADF39E

Dated: 2/17/2021 _____

_____

Jamal Johnson
*Plaintiff*

Dated: 2/17/2021 _____

_____

Scott Edelsberg
*Class Counsel*

Dated: _____

_____

 Glenn L. Moss, Sr.
*Authorized Representative of Defendant Moss Bros. Auto Group, Inc.*

Dated: _____

_____

Susan Anderson
*Defendant*

Dated: _____          _____
                                        Jamal Johnson
                                        *Plaintiff*


Dated: _____          _____
                                        Scott Edelsberg
                                        *Class Counsel*


Dated: __2/16/2021_____          _____
                                        Glenn L. Moss, Sr.
                                        *Authorized Representative of Defendant Moss
                                        Bros. Auto Group, Inc.*


Dated: _____          _____
                                        Susan Anderson
                                        *Defendant*

Dated: _____        _____
                                          Jamal Johnson
                                          *Plaintiff*


Dated: _____        _____
                                          Scott Edelsberg
                                          *Class Counsel*


Dated: _____        _____
                                          Glenn L. Moss, Sr.
                                          *Authorized Representative of Defendant Moss
                                          Bros. Auto Group, Inc.*


Dated: __2|6|2021_____           _____
                                          Susan Anderson
                                          *Defendant*

EXHIBIT 1

TCPA- Moss Bros Settlement
Administrator PO Box 6006
Portland, OR 97208-6006

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

Notice of Class Action Settlement

<<BARCODE>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

**If you Received a Prerecorded Telephone Message sent by Moss Bros. Auto Group, Inc. or its Marketing Director Susan Anderson, or on behalf of a Moss Bros. Car Dealership (i.e. Moss Bros. Chrysler Jeep Dodge RAM Riverside, Moss Bros. Chrysler Jeep Dodge RAM San Bernardino, Moss Bros. Chevrolet, Moss Bros. Buick GMC, Moss Bros. Chrysler Jeep Dodge Moreno Valley, Moss Bros. Honda, Moss Bros. Toyota, or Moss Bros. VW, collectively the "Moss. Bros. Dealerships"), You May Be Entitled to a Payment from a Class Action Settlement.**

A settlement has been reached in a class action lawsuit concerning claims alleging that Moss Bros. Auto Group, Inc. and its Marketing Director ("Defendants") caused prerecorded voicemails to be sent to wireless telephone numbers without the express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendants deny the allegations in the lawsuit, and the Court has not decided who is right. **THIS NOTICE IS JUST A SUMMARY. FOR MORE INFORMATION, PLEASE CALL xxxxxxxxxx OR VISIT WWW.MOSSTCPASETTLEMENT.COM.**

**Who's Included?** You received this notice because Defendants' records show that you may be a Settlement Class Member. The Settlement includes any person who received a prerecorded telephone message sent on behalf of Moss. Bros. Dealerships managed by Moss Bros. Auto Group, Inc. from December 20, 2015 (four years prior to the filing of the original Complaint in the Action) through the date of Preliminary Approval.

**What Are the Settlement Terms?** Defendants have agreed to pay $2,500,000.00 to create a fund that will be used to pay class members, attorneys' fees, a Service Award to the Class Representative, and costs and expenses of the litigation. The cash payments from the Settlement Fund will be distributed on a pro rata basis across each phone number belonging to Settlement Class Members who do not opt-out of the settlement. Each Class Member is only entitled to a single cash payment for each phone number that may have received such a voicemail. Class Counsel anticipates that Settlement Fund Payments will be approximately $46, less attorneys' fees and costs and the costs associated with notice and administration.

**How Can I Get a Payment?** Every Class Member *who does not request to opt-out* of the Settlement will atomically be sent a Settlement Payment via check. In other words, you do not have to do anything to receive a payment—you will automatically be sent a check unless you opt-out of the Settlement.

**Your Other Options.** If you do not want to be legally bound by the Settlement and do not want to receive an automatic settlement payment, you must exclude yourself, or opt-out, by xxxxxxxxxx. The Settlement Website explains how to exclude yourself and contains a pre-approved, optional opt-out form you can use. If you do not exclude yourself, you will release any claims you may have (as more fully described in the Settlement Agreement, which is available at the Settlement Website) and automatically be mailed a Settlement check. You also may object to the Settlement by xxxxxxxxxx. The Long Form Notice available on the Settlement Website explains how to exclude yourself (opt-out) or object. The Court will hold a Final Approval Hearing on xxxxxxxxxx to consider whether to approve the Settlement, a request for attorneys' fees of up to 25% of the Settlement Fund, and a Service Award of $5,000 to the Class Representative. You are not required to, but you may appear at the hearing, either by yourself or through an attorney you hire.

---

www.MOSSTCPAsettlement.co              1-888-551-1722

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL          PERMIT NO 581          PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

TCPA – MOSS BROS SETTLEMENT

SETTLEMENT ADMINISTRATOR

PO BOX 6006

PORTLAND OR  97208-6006

# EXHIBIT 2

**If You Received a Prerecorded Telephone Message Sent by Moss Bros. Auto Group, Inc. or Its Marketing Director Susan Anderson, or on behalf of a Moss Bros. Car Dealership (i.e. Moss Bros. Chrysler Jeep Dodge RAM Riverside, Moss Bros. Chrysler Jeep Dodge RAM San Bernardino, Moss Bros. Chevrolet, Moss Bros. Buick GMC, Moss Bros. Chrysler Jeep Dodge Moreno Valley, Moss Bros. Honda, Moss Bros. Toyota, or Moss Bros. VW, collectively the "Moss. Bros. Dealerships"), You May Be Entitled to a Payment from a Class Action Settlement.**

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit concerning claims alleging that Moss Bros. Auto Group, Inc., and its Marketing Director Susan Anderson ("Defendants") caused prerecorded voicemails to be sent to wireless telephone numbers without the express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendants deny the allegations in the lawsuit, and the Court has not decided who is right.

- The Settlement offers payments to all Settlement Class Members who do not opt-out of the Settlement.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **NO CLAIM IS REQUIRED TO RECEIVE PAYMENT** | If you are a member of the Settlement Class, you do not have to do anything to receive a Settlement Payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will automatically receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded(or "opt-out") from the Settlement and if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will automatically be mailed a Settlement Payment by check. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court does, and after any appeals are resolved, settlement payments will be distributed automatically. Please be patient.

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.MOSSTCPAsettlement.com**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................**PAGE 3**
1.  Why is there a Notice?
2.  What is this litigation about?
3.  What is the Telephone Consumer Protection Act?
4.  Why is this a class action?
5.  Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.........................................................................**PAGE 4**
6.  Who is included in the Settlement?
7.  What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.....................................................................................**PAGE 4**
8.  What does the Settlement provide?
9.  Do I need to file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**....................................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue Defendants for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**..........................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.............................................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?

**THE FINAL APPROVAL HEARING**................................................................................**PAGE 8**
18. When and where will the Court decide whether to approve the Settlement?
19. Do I have to attend the hearing?
20. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................................................................**PAGE 9**
21. What happens if I do nothing at all?

**GETTING MORE INFORMATION**...................................................................................**PAGE 9**
22. How do I get more information?

*ACTIVE 54058139*

# BASIC INFORMATION

### 1. Why is there a Notice?

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Jamal Johnson v. Moss Bros. Auto Group, Inc. and Susan Anderson* and about all of your options before the Court decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The person who sued, Jamal Johnson, is called the "Plaintiff." Moss Bros. Auto Group, Inc. and Susan Anderson are called the "Defendants."

### 2. What is this litigation about?

The lawsuit alleges that prerecorded telephone messages regarding the Moss Bros. Dealerships were sent to Plaintiff's and the Settlement Class Members' wireless telephone numbers without prior express written consent in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA") and seeks actual and statutory damages under the TCPA on behalf of the named Plaintiff and a class of all individuals in the United States.

Defendants claim they complied with all applicable laws. They deny each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation. They also deny that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

Because the parties settled the case, the Court has not decided who is right.

The Plaintiff's Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, www.MOSSTCPAsettlement.com. The Settlement resolves the lawsuit.

### 3. What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts telephone solicitations and the use of automated telephone equipment.

### 4. Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Jamal Johnson) sues on behalf of herself and other people with similar claims.

All of the people who have claims similar to the Plaintiff's are members of the Settlement Class, except for those who exclude themselves from the class.

### 5. Why is there a settlement?

The Court has not found in favor of either Plaintiff or Defendants. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.MOSSTCPAsettlement.com**

in this Notice. Defendants deny all liability in this case. Plaintiff and his lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

### 6.   Who is included in the Settlement?

You received this email because Defendants' records show that you may be a Settlement Class Member. The Settlement includes any person who received a prerecorded voicemail advertising the Moss. Bros. Dealerships from December 20, 2015 through the date of Preliminary Approval.

### 7.   What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.MOSSTCPAsettlement.com or call the toll-free number, 1-844-551-1722. You also may send questions to the Settlement Administrator at xxxxxx.

# THE SETTLEMENT BENEFITS

### 8.   What does the Settlement provide?

Defendants have agreed to pay $2,500,000.00 to create a cash Settlement Fund. The Settlement Fund will be used to pay all Settlement Costs, an attorneys' fee award, and a Service Award to the Class Representative. The remaining Net Settlement Fund shall be distributed as cash payments to Settlement Class Members who do not opt-out of the Settlement. The cash payments will be distributed on a pro rata basis across each phone number belonging to Settlement Class Members. Class Counsel anticipates that Settlement Fund Payments will be approximately $46, less attorneys' fees and costs and the costs associated with notice and administration.

### 9.   Do I need to file a Claim?

You do not have to file a claim to receive a Settlement Fund Payment. Unless you opt-out of the Settlement you will be automatically mailed a Settlement Fund Payment in the form of a check.

### 10. When will I receive my payment?

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I get out of the Settlement?

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of

*ACTIVE 54058139*

the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.  To exclude yourself from the Settlement, you must send a timely letter by mail to:

Moss Bros. TCPA Settlement Administrator

P.O. Box 6006

Portland, OR 97208-6006

Opt-out requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the mobile telephone number on which the person seeking exclusion received the call or calls associated with the request for exclusion, and (iv) include a statement similar to the following: "I request to be excluded from the settlement in the Moss Bros. TCPA action, and to waive all rights to the benefits of the settlement." No opt-out request will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other Settlement Class Member from the Settlement Class.

There is also an optional opt-out form you can use that is available on the Settlement Website.

Your exclusion request must be postmarked no later than **xxxxxxxxx**. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may not request to exclude someone else from the Settlement Class.

| **12. If I do not exclude myself, can I sue Defendants for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

| **13. What am I giving up to stay in the Settlement Class?** |
| --- |

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against Defendants about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  Specifically, if you do not exclude yourself from this Settlement Class you are agreeing to the following release.

> Upon the Effective Date of the Settlement, and with the exception of the contractual rights and obligations independently created by this Agreement, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties from the following (collectively, the "Released Claims"):  any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies of every nature and description, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that may exist as of the date of the Preliminary Approval Order and result from, arise out of, are based upon, or relate in any way to the factual allegations and/or legal assertions made in the operative Second Amended Complaint, individually or on a class-wide basis, during the Settlement Class Period, including all claims under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA") and all claims under any other statute, regulatory or administrative promulgation, common law, or case law that arise out of or relate to any marketing, advertising, promotional

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.MOSSTCPAsettlement.com**

5

activities, text messages, phone calls, voicemails, communications from automatic telephone dialing systems, artificial or prerecorded voice messages, or Messages directed to Settlement Class Members by or on behalf of any Defendant, Dealership, or other Released Party.

The Settlement Agreement is available at www.MOSSTCPAsettlement.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

### 14. If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Scott Edelsberg, Esq.
Edelsberg Law, P.A.
1925 Century Park E #1700
Los Angeles, CA 90067

Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

Michael L. Eisenband
Eisenband Law PA
515 East Las Olas Boulevard Suite 120
Fort Lauderdale, FL 33012

Ignacio J. Hiraldo
IJH Law
1200 Brickell Avenue Suite 1950
Miami, FL 33130

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.MOSSTCPAsettlement.com**

*ACTIVE 54058139*

## 16. How will the lawyers be paid?

Class Counsel intend to request up to 25% of the value of the Settlement for attorneys' fees plus reimbursement of reasonable, actual out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel will also request that a Service Award of $5,000 be paid from the Settlement Fund to the Class Representative for his service as representative on behalf of the whole Settlement Class.

# OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

    a.   the name of the Action;

    b.   the objector's full name, address, current telephone number, and telephone number to which any Messages may have been sent;

    c.   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

    e.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, and the name, court, and case number of each case in which the objector has made such an objection;

    f.   the identity of all counsel who represent the objector or may appear at the Final Approval Hearing on the objector's behalf;

    g.   any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

    h.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

**QUESTIONS? CALL 1-844-551-1722 OR VISIT
www.MOSSTCPAsettlement.com**

*ACTIVE 54058139*

i.   the objector's signature (an attorney's signature is not sufficient).

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings).

# THE FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

The Court has scheduled a Final Approval Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.MOSSTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

**19. Do I have to attend the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing or hire a lawyer to attend at your own expense.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you are a Settlement Class member and do nothing, you will get benefits from the Settlement. In other words, if you do nothing, you will atomically be mailed a Settlement Fund Payment. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

# GETTING MORE INFORMATION

**22. How do I get more information?**

**QUESTIONS? CALL 1-844-551-1722 OR VISIT**
**www.MOSSTCPAsettlement.com**

*ACTIVE 54058139*

This Notice summarizes the proposed Settlement. You  may review the Settlement Agreement at
www.MOSSTCPAsettlement.com. You also may write with questions to the Settlement Administrator
at Moss. TCPA Settlement Administrator, P.O. Box 6006, Portland, OR 97208-6006 or call the toll-
free number, 1-888-551-1722.

*ACTIVE 54058139*

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**Case Number 5:19-CV-02456**

JAMAL JOHNSON, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

MOSS BROS. AUTO GROUP, INC., and
SUSAN ANDERSON

        Defendant.

_____/

**<u>OPT OUT FORM</u>**

      By submitting this Opt-Out Form, by mailing it via U.S. mail, I verify my desire to be excluded from the settlement in the case of Jamal Johnson v. Moss Bros. Auto Group, Inc., and Susan Anderson, Case No. 5:19-cv-02456 (C.D. Cal.). I acknowledge and understand that by opting out of the settlement, I will not receive a monetary payment and that I cannot object to the settlement.

Name:

Home Address:

City:

State:

Zip Code:

Mobile Telephone Number that received the Prerecorded Voicemail:

Signature: _____