**EDELSBERG LAW, P.A.**
Scott Edelsberg
(California Bar No. 330990)
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: (305) 975-3320

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOSS BROS. AUTO GROUP. INC. and SUSAN ANDERSON,<br><br>Defendants. | Case No. 5:19-CV-02456<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: December 16, 2021<br>Time: 10:00 AM<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE,** on December 16, 2021, at 10:00 a.m., in Courtroom 6D of the above caption Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Plaintiff will and hereby does move for an order to grant final approval of the class action settlement. This motion is based on this Notice of Motion and Motion, and upon such other written or oral argument as may be presented to the Court at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, and subject to a settlement agreement.

1

ACTIVE 61262405


1
2  DATED: November 15, 2021
3  */s/ Scott Edelsberg*
   Scott Edelsberg, Esq.
4  California Bar No. 330990
5  scott@edelsberglaw.com
   **EDELSBERG LAW, PA**
6  20900 NE 30th Ave., Suite 417
7  Aventura, FL 33180
   Office: (305) 975-3320
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I. BACKGROUND ..................................................................................................6

II. SUMMARY OF THE SETTLEMENT TERMS ................................................7

    a.    The Settlement Class ................................................................................8

    b.    Settlement Consideration..........................................................................8

    c.    The Notice Program..................................................................................8

    d.    No Claims Process....................................................................................9

    e.    Allocation of the Settlement Fund Payments ..........................................9

    f.    Class Counsel Fees and Expenses and Plaintiff's Service Award ..........9

III. THE SETTLEMENT SATISFIES ALL REQUIREMENTS AND MERITS APPROVAL ......................................................................................10

    a)    The Strengths of Plaintiff's Case and the Risks Inherent in Continued Litigation against Defendants and maintaining Class Certification Favor Final Approval.......................................................11

    b)    The $2,500,000.00 Fund Provides a Fair and Substantial Class Benefit....................................................................................................12

    c)    The Lack of a Government Participant Supports Final Approval of the Settlement..................................................................................13

    d)    The Posture of The Case and Experience and View Of Counsel and well as the Reaction of Settlement Class Members Favor Final Approval .................................................................................14

    e)    The Settlement Also Meets the Requirements of Rule 23(e)(2) Which Also Favors Final Approval.......................................................14

IV. CONCLUSION ................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-
    WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) ................................................. 13, 15

*Arnold v. Ariz. Depot. Of Pub Safety*, No. CV-01-1463-PHX-LOA, 2006
    WL 2168637, at *10 (D. Ariz. July 31, 2006) ............................................................ 14

*Arthur v. Sallie Mae, Inc.*, 10-cv-0198-JLR (W.D. Wash.) ............................................... 13

*Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) ........................ 11

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) ..................................... 14

*Estrada v. iYogi, Inc.*, No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7
    (E.D. Cal. Oct. 6, 2015) .............................................................................................. 13

*Fox v. Asset Acceptance, LLC*, No. 2:14-cv-00734-GW-FFM (C.D. Cal.
    June 20, 2016) ............................................................................................................. 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). ................. 10, 11, 12, 13

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.
    2011) ........................................................................................................................... 15

*In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F.
    Supp. 3d 781, 787 (N.D. Ill. 2015) ............................................................................. 13

*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) ................ 12

*Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal.1988) ................................................. 14

*Kramer v. Autobytel, Inc., et al.*, No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) ............... 13

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) ........................ 10

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.,* 221
    F.R.D. 523, 527 (C.D. Cal. 2004) .............................................................................. 15

*Rodriguez v. W. Publishing*, 563 F.3d 948, 965 (9th Cir. 2009) ....................................... 15

*Rose v. Bank of Am. Corp.*, 2014 WL 4273358, at *10 (N.D. Cal., 2014) ........................ 13

*Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-cv-00981-JAH-JMS
    (S.D. Cal.) .......................................................................................................... 13

*Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D.
    Cal. Mar. 10, 2014) ...................................................................................... 12, 15

*West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y.
    1970) .................................................................................................................. 11

*Wood v. Ionatron, Inc.*, No. CV-06-354-TUC-CKJ, 2009 WL 10673479, at
    *5 (D. Ariz. Sept. 28, 2009) ............................................................................... 14

**STATUTES**

47 U.S.C. § 227 .................................................................................................................. 5

ACTIVE 61262405

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

5

# PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Jamal Johnson ("Plaintiff") on behalf of himself and a class of similarly situated persons hereby respectfully requests that the Court grant Final Approval of the Settlement in this matter. Defendants Moss Bros. Auto Group, Inc., and Susan Anderson ("Defendants") do not oppose Plaintiff's motion.

## I.    BACKGROUND

The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations were enacted by Congress and the Federal Communications Commission to "offer consumers greater protection from intrusive telemarketing calls...."[1] Defendants coordinated prerecorded telephone call campaigns on behalf of the various car dealerships they manage in which prerecorded messages were sent to Plaintiff and approximately 53,134 unique cell phone numbers. Plaintiff alleged that these campaigns violated the TCPA because the prerecorded messages were sent without Defendants first obtaining express written consent. Defendants deny any wrongdoing and have articulated various challenges to class certification and the merits of Plaintiff's claim. Defendants also have sought to enforce a class-action waiver and arbitration agreement. Plaintiff has opposed those efforts, and the arbitration matters remain submitted to the Court.

Defendants deny all claims, liability, damages, losses, penalties, interest, fees, restitution and all other forms of relief that were or could have been sought in this lawsuit, as well as all class allegations asserted in this Lawsuit. Defendants continue to dispute their liability for the claims alleged in the lawsuit, and maintains that it complied, at all times, with the TCPA and all other applicable laws and regulations. After vigorously contested litigation and as the result of extensive arm's length negotiations following mediation before Ted Banstra and Jill Sperber, the Parties reached an agreement to resolve

---

[1] Federal Communications Commission, Small Entity Compliance Guide for the TCPA (dated May 13, 2013), https://apps.fcc.gov/edocs_public/attachmatch/DA-13-1086A1.pdf.

this class action. In short, the Settlement Agreement ("Settlement Agreement," "Agreement," or Agr.") includes the establishment of a **$2,500,000.00** Settlement Fund available for the benefit of Settlement Class Members. The amount of each Settlement Fund Payments shall be determined by the following formula: Net Settlement Fund divided by total number of unique telephone numbers that received a Message = Settlement Fund Payment. Defendants will also make payment of notice and administrative costs, Class Counsel fees, and a Service Payment to the Plaintiff/Class Representative from the Settlement Fund.[2]

On June 25, 2021, this Court preliminarily approved the settlement and authorized the distribution of notice to potential Settlement Class Members. [ECF No. 125].

As of the date of this filing, not a single Settlement Class Member has objected to the terms of the Settlement Agreement and only four have opted-out of the Settlement Agreement.

Plaintiff now requests request that the Court: (1) grant Final Approval to the Settlement; (2) certify for settlement purposes the Settlement Class, pursuant to Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure; (3) appoint Plaintiff as Class Representative; (4) appoint as Class Counsel William Litvak, Andrew J. Shamis, Scott A. Edelsberg, Manuel S. Hiraldo, Ignacio J. Hiraldo, and Michael Eisenband; and (5) enter Final Judgment dismissing the Action with prejudice.[3]

## II. SUMMARY OF THE SETTLEMENT TERMS

The Settlement terms are detailed in the Agreement filed on December 14, 2020, [DE #115-1], and attached hereto as **Exhibit A**. The following is a summary of its material terms.

---

[2] The Agreement is attached as **Exhibit A**. All capitalized terms used herein have the same definitions as those defined in the Agreement.

[3] Concurrently with this Motion, Plaintiff has filed a Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award.

### a. The Settlement Class

The proposed Settlement establishes a Settlement Class as follows:

> **All persons within the United States who, within the four years prior to the filing of this action (i.e., since December 20, 2015), were sent a prerecorded message from Defendants, auto dealerships managed by Defendants (the "Dealerships"), or anyone acting on behalf of any Defendant or Dealership (including employees, agents, third-party contractors, and sub-contractors), to said person's telephone number, for the purpose of advertising and/or promoting any dealership that is held, operated, owned, managed, serviced and/or controlled by, and/or is a subsidiary of, Defendant Moss Bros Auto Group, Inc.**

Agr. ¶ 34.

The following are excluded from the Settlement Class: (a) any trial or magistrate judge presiding over the Action; (b) Defendants, as well as any parent, subsidiary, affiliate or control person of Defendants, and the officers, directors, agents, servants or employees of Defendants; (c) any of the Released Parties; (d) the immediate family of any such person(s); (e) any Settlement Class Member who has timely and properly opted out of this Settlement; and (f) Plaintiff's Counsel and their employees. Agr. ¶ 35.

### b. Settlement Consideration

Pursuant to the Settlement, Defendants have agreed to create a cash common fund of $2,500,000.00, available for the benefit of Settlement Class Members ("Settlement Fund"). Agr. ¶ 37.

### c. The Notice Program

The Notice Program was designed to provide the best notice practicable and was tailored to take advantage of the information Defendants had available about Settlement Class members including their mailing address. The Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") delivered notice to the Settlement Class Members in accordance with the Settlement Agreement and this Court's preliminary approval order. *See generally* Decl. of Cameron Azari, attached as **Exhibit B**. Among other actions, Epiq (1) established and maintained an official Settlement Website containing information

about the Settlement, Long-Form Notice, and related Court documents, (2) established and maintained an official Toll-Free Telephone Number that Settlement Class Members may contact for additional information about the Settlement; (3) sent CAFA Notice to the appropriate Federal and State government officials; and (4) on August 23, 2021, sent the Mailed Notice to all identified Class Members via U.S. First Class Mail. *Id.* at ¶¶14; 16.

The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Attorneys' Fee application and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notices and Notice Program constituted sufficient notice to all persons entitled to notice, and satisfied all applicable requirements of law including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

### d. No Claims Process

Any Settlement Class member who does not timely and validly request to opt-out shall remain in the Settlement Class, be bound by the terms of the Settlement Agreement, automatically be mailed a Settlement Fund Payment, and release their claims against Defendants.

### e. Allocation of the Settlement Fund Payments

Each Settlement Class member who does not opt out of the Settlement shall automatically be mailed a Settlement Fund Payment payable by check. Agr. ¶ 62. The amount of each Settlement Fund Payment shall be determined by the following formula: Net Settlement Fund divided by total number of unique telephone numbers that received a Message = Settlement Fund Payment. *Id.* To prevent theft and fraud by third parties, the outside of the envelope or package containing the Settlement Fund Payment checks shall not contain any language describing its purpose, mentioning the class action settlement, or encouraging it to be opened. *Id.*

### f. Class Counsel Fees and Expenses and Plaintiff's Service Award

Class Counsel shall request from the Court a reasonable amount for attorneys' fees

and shall request from the Court a reimbursement of Class Counsel's costs and expenses. Agr. ¶ 69. Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Fund. *Id.* at ¶ 71. The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement from becoming effective, nor shall it be grounds for termination. *Id.*

Class Counsel shall also request that the Court to approve a reasonable Incentive Award/Service Award to Plaintiff. Agr. ¶ 73. The Service Award is to be paid from the Settlement Fund. *Id.* The Service Award shall be paid to the Settlement Class Representative in addition to the Class Representative's Settlement Fund Payment. *Id.*

The Court should consider whether to grant or deny these awards separate and apart from its consideration of the fairness and reasonableness of the Settlement.

### III. THE SETTLEMENT SATISFIES ALL REQUIREMENTS AND MERITS APPROVAL

A class action may not be dismissed, compromised, or settled without the approval of the Court. Fed. R. Civ. Proc. 23(e). The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge[.]" *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).

The Ninth Circuit Court of Appeals has articulated several factors relevant to the evaluation of the fairness of a class action settlement: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the consideration offered in settlement; (5) the extent of discovery completed, the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the class to the proposed settlement. *Hanlon*, 150 F.3d at 1026.

In addition, Rule 23(e)(2) requires parties to provide courts with sufficient information to determine that it will likely be able to approve the settlement as fair, reasonable, and adequate. The considerations are whether (a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (d) the proposal treats class members equitably relative to each other.

Under both standards, which include overlapping factors, the proposed Settlement is fair, reasonable, and adequate, and should be preliminarily approved.

### a) **The Strengths of Plaintiff's Case and the Risks Inherent in Continued Litigation against Defendants and maintaining Class Certification Favor Final Approval**

The first, second, and third *Hanlon* factors support final approval. Every class action involves uncertainty, both on the merits and on the appropriateness of class certification and this case was no different. There was no guarantee that Plaintiff would be able to verify a class and maintain certification through trial or that this Court would find in Plaintiff's favor as to liability. Prior to Settlement, the Parties actively litigated the action. The litigation involved a large amount of discovery, including serving and responding to several sets of written discovery responses and engaging in multiple rounds of the meet and confer process. The parties engaged in extensive exchanges of documents and information, including data regarding putative class members, as well as formal discovery in the lawsuit.

While Plaintiff strongly believes in the merits of his case, there was substantial risk to continuing to litigate her position. For example, whether Plaintiff would have prevailed

on his motion for class certification is uncertain given Defendants' opposition. Further, at the time of Settlement, Defendants still had valid defenses.

Moreover, even if Plaintiff were to prevail at class certification, risks to the class remain regarding the merits of the Class's TCPA claim. *See West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("[i]t is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced"), aff'd, 440 F.2d 1079 (2d Cir. 1971); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversing $87 million judgment after trial).

Securing a $2,500,000.00 (which equals payments of approximately $46 before subtraction of costs, fees, and any Service Award) settlement now with certainty of payment will provide meaningful relief to Settlement Class Members. Plaintiff and his counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Settlement Class, including the amount of the Settlement Fund. Thus, the Settlement presents a fair and reasonable alternative to continued litigation.

### b) The $2,500,000.00 Fund Provides a Fair and Substantial Class Benefit

The fourth *Hanlon* factor – the amount offered in the settlement – also favors approval. Defendants have agreed to provide a $2,500,000.00 Settlement Fund, which will be used to pay all claiming Settlement Class Members and all settlement costs. Class Counsel estimate that the individual Settlement Class Members award will be approximately $46 per text message received by each Settlement Class Member, before reduction of attorneys' fees and costs, Service Award, and notice and administration costs. Although this amount is less than the TCPA's statutory damages of $500, it is well-settled that a proposed settlement need not provide class members with the type of recovery they could obtain following a total win at trial. *See National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) (court-approved

settlement amount that was just over 9% of the maximum potential recovery).

Here, the settlement award that each Settlement Class Member will likely receive is fair, appropriate, and reasonable in light of the risk, expense, and uncertainty of continued litigation within the TCPA's changing landscape. This is clearly explained to Settlement Class Members in the Notice so they understand what they are giving up by participating in the settlement. Indeed, the estimated award of $46 generally exceeds payments in other TCPA settlements approved across the country. *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, [DE 96] at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40); *Kramer v. Autobytel, Inc., et al.*, No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) (cash payment of $100 to each class member); *Estrada v. Yogi, Inc.,* No. 2:13–01989 WBS CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (granting preliminary approval to TCPA settlement where class members estimated to receive $40); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, at *10 (N.D. Cal., 2014) (claimants estimated to receive $20 to $40); *In re Capital One Tel. Consumer Prot. Act Litig. (In re Capital One)*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) (each claimant received $34.60); *Arthur v. Sallie Mae, Inc.*, 10-cv-0198-JLR (W.D. Wash.) (Class members were to receive between $20 and $40 dollars per claim); *Fox v. Asset Acceptance, LLC*, No. 2:14-cv-00734-GW-FFM (C.D. Cal. June 20, 2016) (estimating recovery between $11.79 and $28.22 per person at time of fairness hearing, from the cash component of the settlement); *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-cv-00981-JAH-JMS (S.D. Cal.) (individual recovery of $39.68 per claimant). As the current settlement provides superior results to many other approved TCPA settlement, the fourth *Hanlon* factor strongly favors final approval.

    **c) The Lack of a Government Participant Supports Final Approval of the Settlement**

While no governmental agency is a party to this lawsuit, Epiq notified all pertinent government officials of the settlement as required by CAFA. *See* Exhibit B at ¶14. No

governmental agency raised objections or concerns about the settlement and this factor therefore supports final approval.

### d) The Posture of The Case and Experience and View Of Counsel and well as the Reaction of Settlement Class Members Favor Final Approval

The fifth, sixth and seventh *Hanlon* factors also support final approval of settlement. At the time the parties reached their settlement, they had completed discovery – including substantial written discovery took place and extensive law and motion practice. As a result, the Parties were thoroughly informed of the claims – and the risks associated with them – before they reached a settlement.

Class Counsel – who have substantial experience litigating TCPA class actions – strongly believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. The opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See e.g.*, *Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in terms of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

Class Member Reaction to the Settlement has been very well received. As of the date of this filing, **not a single Class Member has objected and only four Class Members have opted-out of the Settlement which was reached**. The lack of objections and exclusions strongly support approval. *See Arnold v. Ariz. Depot. Of Pub Safety*, No. CV-01-1463-PHX-LOA, 2006 WL 2168637, at *10 (D. Ariz. July 31, 2006) (Anderson, M.J.) ("The absence of any objections suggests that the class members are unopposed to terms of the Settlement Agreement. The absence of objections weighs in favor of approving the Settlement Agreement.); *Wood v. Ionatron, Inc.*, No. CV-06-354-TUC-CKJ, 2009 WL 10673479, at *5 (D. Ariz. Sept. 28, 2009) (Jorgenson, J.) (same).

### e) The Settlement Also Meets the Requirements of Rule 23(e)(2) Which Also Favors Final Approval

As stated above, the Settlement reached is a fair and reasonable alternative to continued litigation and as such it meets the requirements of Rule 23(e)(2).

Class Members will receive a substantial monetary award of approximately $46 per text message without having to file a claim. The Ninth Circuit has identified "red flags" that may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to a defendant rather than be added to the class fund. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). None of these "red flags" are present in this settlement. Since Class Counsel will be paid from the same Settlement Fund as Settlement Class Members, they were incentivized to negotiate the largest fund possible. There is no clear sailing provision, and the Settlement is not contingent on any amount of attorneys' fees. Further, the Settlement was also not conditioned on any specific amount of a Service Award for Plaintiff. Based on the favorable terms of the Settlement Agreement obtained for the Class, both Plaintiff and Class Counsel have adequately represented the Class's interests as required by Rule 23(e)(2)(A).

As required by Rule 23(e)(2)(B), the Settlement reached was the result of arms-length negotiations with the aid of an experienced mediator. The time and effort spent on settlement negotiations, as well as the time spent in mediation with Ted Banstra and Jill Sperber, Esq., support approval of the proposed Settlement and strongly indicate there was no collusion. *See National Rural Telecommunications Cooperative v. DIRECTV, Inc.,* 221 F.R.D. 523, 527 (C.D. Cal. 2004) (settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair); *Rodriguez v. W. Publishing*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arm's length, non-collusive, negotiated resolution.").

The relief provided to the Class is adequate under Rule 23(e)(2)(C) with a payout to the Class Members of approximately $46 per text message received, is on the higher side of other approved TCPA settlements. *See e.g. Steinfeld v. Discover Fin. Servs.*, No. C 12-01118, [DE 96] at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40).

Lastly, the proposal treats Class Members equitably relative to each other as required by Rule 23(e)(2)(D). Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement and shall automatically be mailed a Settlement Fund Payment. Settlement Class Members will receive payment for each text message that they received. The amount of each Settlement Fund Payment shall be determined by the following formula: Net Settlement Fund divided by total number of unique telephone numbers that received a Message = Settlement Fund Payment.

## IV.    CONCLUSION

Plaintiff and Class Counsel respectfully request that this Court: (1) grant Final Approval to the Settlement and enter the proposed order attached as **Exhibit C**; (2) certify for settlement purposes the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (3) appoint Plaintiff as Class Representative; (4) appoint as Class Counsel the law firms and attorneys listed in paragraph I of the Agreement; and (5) enter Final Judgment dismissing the Action with prejudice.

Dated: November 15, 2021

Respectfully submitted,

*/s/ Scott Edelsberg*
Scott Edelsberg, Esq.
California Bar No. 330990
scott@edelsberglaw.com
**EDELSBERG LAW, PA**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (305) 975-3320

**DAPEER ROSENBLIT AND LITVAK LLP**
William Litvak, Esq.
California Bar No. 90533
11500 West Olympic Boulevard, Suite 550
Los Angeles, CA 90064
Telephone: 310-477-5575
Fax: 310-477-7090
wlitvak@drllaw.com

**IJH LAW**
Ignacio J. Hiraldo, Esq. (*pro hac vice*)
1200 Brickell Ave Suite 1950
Miami, FL 33131
ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

**HIRALDO PA**
Manuel S. Hiraldo, Esq. (*pro hac vice*)
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

**SHAMIS & GENTILE, PA**
Andrew J. Shamis, Esq. (*pro hac vice*)
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

**EISENBAND LAW P.A.**

Michael L. Eisenband, Esq. (*pro hac vice*)
515 East Las Olas Boulevard, Suite 120
Fort Lauderdale, FL 33301
Telephone: 954-533-4092
meisenband@eisenbandlaw.com

*Attorneys for Plaintiff Jamal Johnson*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

*/s/ Scott Edelsberg*